FILED

AUG - 4 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) No. CR-10-00545-CW (DMR) |
|---|---|
| Plaintiff, | ) |
| v. | ) DETENTION ORDER |
| RUBEN ZEPEDA | ) |
| Defendant. | ) |

## I. DETENTION ORDER

Defendant Ruben Zepeda is charged in a one-count criminal indictment with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm.). On July 14, 2010, the government moved for Mr. Zepeda's detention and requested a bail hearing pursuant to 18 U.S.C. § 3142(f)(1)(E) (case involving possession or use of a firearm). Pretrial Services subsequently prepared a full bail study. This Court conducted a bail hearing on July 20, 21, and August 3, 2010, during which the government and defense proffered information on the question of whether Mr. Zepeda should remain in custody or be released during the pendency of his case.

After considering the parties' proffers as well as the bail study, and applying the factors set

DETENTION ORDER
CR 10-00545-CW (DMR)                      1
cc: Copy to parties of record via ECF, Nikki, Pretrial Services, 2 Certified copies to US Marshal

forth in 18 U.S.C. § 3142(g), the Court finds that the government has met its burden of establishing by clear and convincing evidence that Mr. Zepeda presents a danger to the community that cannot reasonably be mitigated through available conditions of release. *See* 18 U.S.C. §§ 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Mr. Zepeda is 21 years old, with a significant history of drug and alcohol use. The instant offense involves an arrest during which agents discovered a loaded semiautomatic firearm and six baggies of cocaine in Defendant's car. The government proffered information, including a copy of Defendant's MySpace page, in support of its contention that Mr. Zepeda identifies as a gang member. The government also submitted the police report and documentation from Defendant's 2008 felony conviction for carrying a loaded firearm in public. The police reports indicate that Mr. Zepeda discharged a firearm near a school.

Defendant proffered that he has lived in the Bay Area his entire life, and has strong family ties in the area as well. Defense counsel noted that Mr. Zepeda grew up in a neighborhood with heavy gang activity, and that any gang-related activity or identification has been dictated by such circumstance. Defendant produced several individuals, including his sisters, his girlfriend and another friend, who would be willing to sign an unsecured bond in support of his release. Defendant has had some limited work history, most recently through a temporary employment agency. In 2009, Mr. Zepeda also took part in a vocational program through the Youth Employment Center, and has participated in at least one other community program aimed at providing positive opportunities for gang-identified youth.

The government proffered excerpts of taped phone calls made by Mr. Zepeda after he was taken into custody on this matter. The Court listened to the excerpts *in camera*. The excerpts corroborate both the government and Defendant's proffers. On the one hand, the excerpts tend to support that Defendant continues to identify as a gang member. On the other hand, the excerpts also corroborate that Defendant has been attempting to change his life, that he is "working on doing something positive," and that he wants to get "clean and sober."

The Court finds that on this record, the government has met its burden of establishing by

DETENTION ORDER
CR 10-00545-CW (DMR)                              2

clear and convincing evidence that Mr. Zepeda presents a danger to the community that cannot be mitigated through a set of available conditions. In light of Mr. Zepeda's taped, unguarded statements that he wishes to make positive changes in his life and wants to get substance abuse treatment, the Court considered placement at the New Bridge residential treatment center as a condition of release. However, the record as a whole demonstrates impulsivity and lack of control such that Mr. Zepeda does not appear to be a suitable candidate for the rigorous New Bridge treatment program at this time. The Court asked Defendant if he could identify any potential co-signor who has acted as a mentor or in a similar capacity who might provide the necessary support to Mr. Zepeda for successful placement at New Bridge. As of the August 3, 2010 hearing, defense counsel had made attempts to reach some individuals who might serve in that capacity, but without success. For this reason, the Court now orders that Mr. Zepeda be detained, but that he reserves the right to reopen his hearing should additional information come to light.

## IV. CONCLUSION

The Court detains Defendant as a danger to the community. Defendant shall remain committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance. *See id.* § 3142(i)(4).

IT IS SO ORDERED.

DATED: August 4, 2010

_____
DONNA M. RYU
United States Magistrate Judge

DETENTION ORDER
CR 10-00545-CW (DMR)                         3